We'll proceed to the last case on the morning oral argument calendar, which is United Union of Op Eng v. City of Plumas Good morning, Your Honors. Mike Chase, representing Respondent Appellant, County of Plumas. Your Honor, we're here today on the district court's order which compels the county to engage in binding arbitration and advisory arbitration regarding the union's grievance of certain layoffs of employees who were laid off as part of budget cuts in the 2005-2006 fiscal year for the county. We asked this court to vacate that order for two reasons. First, as it turns out, we believe that the court lacked subject matter jurisdiction to hear the petition to compel arbitration. And second, we believe that the district court erred on the merits in finding that the county agreed to arbitrate this dispute. It's pretty late to raise the lack of jurisdiction, isn't it? Well, Your Honor, we believe that at every level of the court, the federal courts have the obligation to ensure that this case belongs in federal court. Well, I don't disagree with that. I don't think any of us disagree with that. But isn't the obligation first to point that out on the parties? Well, Your Honor, I think the court below and the parties all missed this issue that there was a lack of subject matter jurisdiction. Well, not only missed it. You remapped. You removed this to the federal court affirmatively asserting. Exactly. Your Honor, we reasonably believed at the time, and we cited specifically in our notice of removal in paragraph 3, the arguments of the union in its memorandum of points and authorities in State court that federal law governed this issue. Right. And so now you lost in the district court and you're shocked, shocked to find that there was no federal jurisdiction. Your Honor, there was no pre-notice. We did not know this was going to be an issue when we removed the case. I'm sorry, sir. Your Honor, we did not know that this was an issue when we removed the case. You're the county. You're the political subdivision. And, Your Honor, this issue has never been resolved by a court before that we've seen anywhere. The argument is that the Steelworkers Trilogy being adopted by California courts gives the federal courts jurisdiction. No, no, no. My understanding was it was initially the claim for removal was based on the LMRA. Both, Your Honor. 302. Both, Your Honor. Paragraph 3 of the notice of removal also cites specifically the pages and lines of the memorandum of points and authorities that the union filed in the state court that makes this argument that they're making on appeal. Right. But if you're correct, you really have put the federal courts spending a lot of time on your error. Well, Your Honor, we have. Why shouldn't you have to pay for that? Well, Your Honor, we don't think there's an order before the court to review on that. But if the court is going to chime in on that issue, we think it is a reasonable mistake that was made here. This court has held that a mistake of law can be a reasonable mistake, that the inquiry is in the nature of a qualified immunity inquiry. And here there is no case law precedent that forecloses the contention that the union is making in this court that the trial court had jurisdiction. Right. But usually we've applied that doctrine when somebody's made a mistake of law and then not tried to rely on that mistake to deprive the court of jurisdiction. Well, Your Honor, the court had jurisdiction or it didn't. And we're simply pointing out something that obviously is in our favor at this point, but that was not something we foresaw at the time we removed the case. You waited until it was to your advantage to raise the lack of jurisdiction. Your Honor, that's not the case. Well, you know, I'm just taking from your perspective from a little bit. I mean, there might be a way around. So our case law says that, at least under the LMRA, that a political subdivision is not covered by the LMRA. That's correct, Your Honor. Right? So but nonetheless, they allege in their petition that they were entitled to arbitration under the LMRA because the arbitration allegedly arose under a labor agreement. Well, Your Honor, I think that that's the case. Right? Now, although our case law talks about subject matter jurisdiction, it just may be that they're not entitled to that kind of relief under the LMRA. Well, Your Honor, I think that the — That really is not jurisdictional. It's just they couldn't get the relief they're seeking. And there's recent Supreme Court case law that talks about failure to allege an essential element of a claim may not be jurisdictional. It just may be you're not entitled to relief. Your Honor, I don't think the union is making that argument. And I think the City of — No, I know they're not. I am. I think the City of Benoit case — Yes. Let's listen to his question. Well, Your Honor, whether that provides further reasonableness for our mistake, then, you know, I would obviously submit that the Court should consider that. All this gets to, though, yes. Well, let's just — let's pass over this. You're in fact — the district court judge ordered the matter to go to arbitration. Your Honor — All right. Now, the district court judge couldn't have relied on the LMRA. The court did not rely on the LMRA. Okay. So what's the basis for the court's order, and why is it wrong? Well, the court's order — well, despite the lack of jurisdiction, if you'd like me to turn to the merits, Your Honor, there is no agreement to arbitrate a layoff dispute with the union in this case. The Memorandum of Understanding with the union has a very narrow arbitration clause. We dispute the union's interpretation that it's a broad clause. This is not a clause that says all disputes arising out of this agreement will be arbitrated. It's a clause that says none of them will be arbitrated. You can only take a grievance through steps one, two, and three, the last step being a meeting between the union representative and the management representative. It says that only specified types of disputes get to go on to arbitration. Layoffs is not one of them. In fact, the district court below found that there is an exemption for layoffs in the MOU. At page 5, lines 21 to 22 of the district court's order, the court specified that. So even if there's going to be a presumption of arbitrability in this case, which we don't think there should be, the presumption is clearly rebutted in this case because you have clear language in the MOU which says this is not one that gets arbitrated. The county is also seeking advisory arbitration under the personnel rules, the general personnel rules of the county of Plumas. But they have not responded to our point that the definition of a grievance in the personnel rules excludes those for which the employee has some other procedure for administrative relief. That's the personnel rule section 17.02. Here, the union's members do have another mechanism for administrative relief, and that's in the MOU section 6.0. And in any event, the personnel rules don't require advisory arbitration by the county. They merely require a personnel action appeal, which can be as little as a hearing before the Board of Supervisors. And that's at the Board's option, and that's clearly not an arbitration under any reasonable definition of the term. So unless Your Honors have further questions, I'll reserve the remainder of my time. Thank you. Please, the Court. My name is Steve Welty. I'm here on behalf of Operating Engineers. I'm vertically challenged, so I'll lower it down. I would just briefly point out in regard to the earlier question that Judge Burrell, in his decision, he discusses the Federal Arbitration Act under 9 U.S.C. Section 4. Well, but the Federal Arbitration Act isn't an independent ground of federal jurisdiction. Pardon? The Federal Arbitration Act certainly doesn't confer subject matter jurisdiction. No, and I'm not contending that, but Judge Burrell does address that in his opinion, and that was not part of our briefing or addressed in the appeal. So you filed in state court. They removed it. You didn't object. Correct. And now they've said there's no jurisdiction. You said, well, that's probably so, but if there's no jurisdiction, we want fees. What are we supposed to make of all those arguments on behalf of both of you? Is there jurisdiction or not, in your view? Well, I think I would concede that there is not jurisdiction under the provision initially cited because the political subdivision is specifically carved out of that. But I do think that there is an argument that the California courts have incorporated the federal rule into their interpretation. Well, they looked at it. They relied on the policy considerations underlying the trilogy, but it's pretty clear under the California case law that they don't consider themselves bound by it. Correct. They do actually say that they don't. Well, I think I would slightly disagree in saying that they recognize they were not bound by it because in that particular case they didn't plead interstate commerce, but they did go ahead and apply the rule anyway. And so to the extent under the current case law, I think the California courts are bound by that. Well, let's just assume you've got a State law claimant under the State law arbitration statute and you're seeking to compel arbitration under that statute. What is the Federal rule that is an element of that cause of action or that is subject to construction? Well, in this particular case, that's exactly what we have is this State statute that says if you have a written agreement for a binding arbitration that you can compel under California statute, and then the courts bring in the Federal rule that that should be interpreted broadly, that we favor arbitration. But where is the California case that says that we are incorporating into the California Arbitration Act the Federal trilogy? There is no such statement. Right. And there is also no decision specific to applying the Federal rule through the California statutory scheme to political subdivisions in California because the case is not in it. So how does that get you Federal question jurisdiction under 1331? It doesn't. Well, and certainly the Court is, you know, entitled to take that position. Well, maybe I jumped the gun. Explain to me why it gets you 1331 jurisdiction. Well, since the courts have brought the Federal rule in to interpret how they will implement the statutory scheme in which the legislature specifically included counties, I mean, California didn't have to create a binding rule. Just interrupt for a second. If we adopted your theory, there are all sorts of Federal statutes that States bring in and they use as guidance, whether it's labor management, whether it's Human Rights or Civil Rights Act, whether it's the Little Tucker Act. I mean, if we adopt your theory, we've just broadened Federal jurisdiction to cover every state act that may use Federal decisional authority as guidance, right? I think it would create a Federal subject matter jurisdiction specific to States that incorporate the Federal rule into the implementation of their binding arbitration statute, in this particular case, to a county that the legislature included in that statutory scheme. So basically, let's just take California for example. Your argument is, if we buy it, that counties now should be included under the MLRA because of State action, all the counties in California. Well, not the entire LMRA, but just specific to enforcing a written binding arbitration agreement between the county and a union. I mean, a lot of the cases are dealing with fair representation and broader schemes trying to imply that there's a policy to enforce arbitration. We're not arguing that the court expand Federal jurisdiction to that, but when they have a statutory scheme that's specific to a written binding arbitration agreement between a county and a union, and they're utilizing the Federal rule to help Well, let's go to your alternative argument that you're entitled to fees. Wouldn't your position be altogether different if you had made a motion to remand and the district court had denied that motion and gone ahead and had the proceedings which we have? Wouldn't that have given you a basis under the Martin case to recover your fees? And in the absence of a motion to remand, what justification would there be for giving you fees? If I understand you correctly, prior to going to trial on the merits in district court, it was our position that there's a Federal question. I think it's disingenuous for the other side to suddenly create this argument after they lost in district court. When we filed the initial case in Plumas County, I felt that there was a Federal question to the issue then, but they elected to remove it. I didn't oppose it because I didn't disagree with that, but for them to Then why should we give you fees? Because they are the ones that decided to remove it to Federal court and to put to the district court that this is a Federal question. You do have jurisdiction. We didn't present that to the eastern district. They did. To not look into that until after they lost. Well, I think it would stand for the proposition that if you were going to move something into Federal court, you have an obligation to do your own due diligence to determine whether or not there's a Federal question. That applies to both parties, doesn't it? The removing party as well as the removed party. If we were going to oppose the forum, we would have done that. I was not opposed to utilizing the forum of Federal court for this issue. Well, but it's pretty hazardous to utilize the forum of a Federal court without checking to see whether the Federal court has jurisdiction. I agree with that. I think the burden of that primarily falls upon the party moving it into Federal court. So let's assume that you're not entitled to arbitration. What other remedies do you have under this contract? Well, I'm not sure that I understand the question. No, I'm just curious as to how this plays out in a practical sense. It doesn't necessarily have anything to do with the merits, but let's assume that Judge Burrell had gone the other way and denied your motion. Then the issue whether or not these were truly layoffs never gets delved into. Sorry? The core issue is did they lay these people off or were they undesirables that they fired and labeled as layoffs? If we'd ever get this issue to either binding arbitration or an advisory hearing, which is the other process, it never gets delved into to be resolved. Well, if we determined there was no jurisdiction and that the case should be remanded to State court, you could go in and ask the State court to order arbitration under State law. We would go back to Superior Court in Plumas and make the same arguments and ask for the same. You'd be limited strictly to the State law. Correct, but the State law is still going to utilize the Federal rule in their analysis of whether or not we get the arbitration, which is why we're arguing that there is a criminal question. Are you saying in the event of a remand there's some sort of estoppel? No, no, I'm not. What I'm saying is that the analysis that was done by Judge Burrell will still be the same analysis that all the cases are still applicable, that the Superior Court in Plumas will still make that same analysis. So you've got Judge Burrell to write your brief in the State court, is that it? Well, I would certainly try to use it. I see. But I guess just in a practical sense, your only remedy is arbitration, either in Federal or State court-ordered arbitration, right? Correct. You don't view you have a legal remedy other than a motion to compel arbitration, is that your position? Correct. Okay. I think we have your argument in hand. Unless you want to... Not unless there's further questions. Okay. I think we addressed it in the briefs, and I think I covered everything that I needed to in the questions. I would say that I think Judge Burrell did a good job analyzing the facts according to the merits of the case, and I would just rely on his decision rather than use up your time talking about that. Okay. Thank you. Your Honor, as counsel conceded, we had a meeting of the minds and an agreement at the early stages of removal that this belonged in Federal court. And... How long did Judge Burrell, who sits in the second busiest court in the United States, spend on this case? I don't know, Your Honor. But it wasn't obviously a long trial. It was stipulated facts on paper, and then just an oral argument, and then an order. Okay. Your Honor made the point that if there are other statutes in California that might be interpreted in accord with Federal law, then you might be expanding jurisdiction tremendously. And, for example, FEHA, of course, they use the McDonnell-Douglas burden-shifting in California courts from the United States Supreme Court decisions. And I didn't see any case where even this argument had been foreclosed in that context, where they'd said, no, you can't remove it. You can't remove a FEHA claim to Federal court because, even though there's McDonnell-Douglas. So this issue really had not been addressed before. How much money is at stake here, in rough terms? Your Honor, I do not know. There's five employees at issue, and they've been laid off since around fall of 2005. So about three years of salary for five employees, potentially. But I believe that subsequent facts, which aren't in the record, might reduce that. I'm just asking. It might behoove you to talk to settlement about this case. But that's not our concern. I'm just making a suggestion. So it's never too late to settle. Okay. I think we have your argument in hand. The case is certainly submitted. And we are adjourned for the morning. Thank you.
judges: Thomas, Paez, Walker